UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Paul Sims III**<br>922 Cabot Dr<br>Canal Fulton, OH 44614<br><br>        **Plaintiff,**<br>  v.<br><br>**I.C. System, Inc.**<br>444 Highway 96 East<br>St. Paul, MN 55127-2557<br><br>        **Defendant.** | **CASE NO.:** _____<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Paul Sims, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant I.C. System, Inc. (hereinafter "Defendant") as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Paul Sims III (hereafter "Plaintiff"), is an adult individual whose residence is in Canal Fulton, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, I.C. System, Inc. ("I.C."), is a Minnesota business entity with an address of 444 Highway 96 East, St. Paul, Minnesota 55127, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to I.C. for collection, or I.C. was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. I.C. Engages in Harassment and Abusive Tactics

10. In the beginning of November 2020, Plaintiff noticed that I.C. was reporting the Debt on Plaintiff's credit report.

11. Thereafter, Plaintiff contacted I.C. to inform it that the Debt was incurred by his adult son, and requested that I.C. remove the Debt from Plaintiff's credit report.

12. Plaintiff's name is Paul Sims III. Plaintiff's son's name is Paul Sims IV.

13. Plaintiff is not responsible for the repayment of his son's debt.

14. I.C. refused to acknowledge Plaintiff's dispute, insisting that the Debt belonged to Plaintiff.

15. On or about November 30, 2020, Plaintiff contacted I.C. again in an attempt to resolve the confusion.

16. Plaintiff again informed I.C. that the account did not belong to him and that it was his son's account.

17. I.C. told Plaintiff there was nothing it could do about the allegedly inaccurate credit reporting.

18. I.C.'s actions caused Plaintiff a great deal of confusion, frustration and distress.

**C. Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24. Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

25. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA")) (O.R.C. § 1345.01, et seq.)

29. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

30. Plaintiff is a "consumer" as defined by O.R.C. § 1345.01(D).

31. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

32. At all relevant times Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

33. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

34. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

35. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

36. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

37. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

38. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendant;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and proper.

Dated: February 17, 2021

                        Respectfully submitted,

                        By: /s/ *Sergei Lemberg*

                        Sergei Lemberg, Esq.
                        LEMBERG LAW, L.L.C.
                        43 Danbury Road, 3rd Floor
                        Wilton, CT 06897
                        Telephone: (203) 653-2250
                        Facsimile: (203) 653-3424
                        Email: slemberg@lemberglaw.com
                        Attorneys for Plaintiff:
                        Paul Sims

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                        /s/ *Sergei Lemberg*
                        Sergei Lemberg, Esq.